## HOPKINTON vs. SPRINGFIELD.

*But see*
*15 N.H. 998*
*18 N.H. 20.*

The act of an agent, within the scope of his authority, may be given in evidence against the principal, when the act has a tendency, if it had been done by the principal, to show an admission of a fact by him.

Payment of taxes assessed may be presumed, after a lapse of twenty years, if there is nothing to repel the presumption.

ASSUMPSIT, to recover money paid and expended for the relief of Nancy Hall, a pauper, alleged to have her settlement in Springfield.

The pauper had the settlement of her father, Joseph Hall; and it appeared in evidence that he was an inhabitant of Springfield, from 1807 to 1813, inclusive, and was, during all that time, taxed there for his poll and estate.

The plaintiffs offered evidence, that in the year 1828 Cyrus Hall, a son of Joseph, then resident in Hopkinton, and who had the settlement of his father, was relieved and maintained by the overseers of Hopkinton, and notice thereof given to Springfield, in due form; and that a suit was commenced to recover the sums expended for the relief of said Cyrus, on the ground that he had the settlement of his father in Springfield, which suit was settled by the agent of Springfield, November 4th, 1829, by the payment of the whole amount claimed, with the costs; one of the selectmen of Springfield being present, and assenting to the settlement. To the admission of this testimony the defendants objected; but the court overruled the objection, and instructed the jury that after a lapse of twenty years, nothing appearing to the contrary, it might be presumed that the taxes assessed against said Joseph, in Springfield, had been paid. The defendants excepted to this instruction, and, a verdict having been returned for the plaintiffs, moved for a new trial.

*Nesmith, & W. P. Flanders*, for the defendant. There was a compromise of the first suit. The defendants bought their peace, for the time being. Every thing done and said

Hopkinton *v.* Springfield.

was for that purpose, and the evidence, therefore, was not admissible against them. A compromise has not the effect to bar a future contest. 2 *Stark. Ev.* 37 ; 12 *Mass. R.* 452, *Needham* vs. *Newton ;* 4 *Mass. R.* 180, *Leicester* vs. *Rehoboth ; Ditto* 273, *Bridgewater* vs. *Dartmouth.*

In order to gain a settlement under the 8th section of the statute of January 1, 1796, the party must not only be assessed for his poll for the term of seven years, but he must pay the taxes. The burden of proof is on the plaintiff, and the case must be made out strictly. 4 *N. H. Rep.* 47, *Burton* vs. *Wakefield ;* 10 *Pick. R.* 378, *Attleborough* vs. *Middleborough ;* 22 *Pick. R.* 388, *Monson* vs. *Chester.*

A presumption of payment cannot be admitted. 4 *Greenl. R.* 508, *Brunswick* vs. *McKean.*

*H. Chase, & Bartlett,* for the plaintiffs. Upon the first point, the question is merely whether the evidence had a legal tendency to satisfy the jury of the fact, of which there seems to be no doubt. If there was any qualification to the settlement, the defendants might have put in the evidence. It was not evidence of a compromise.

In relation to the instruction to the jury, it is admitted that the taxes must be paid. But whole sheets of authorities may be collected, to show the rule respecting presumption of payment, and it well applies in this case.

PARKER, C. J. The plaintiffs made a demand upon the defendants for a sum of money, their right to it depending, among other things, upon the alleged settlement of Joseph Hall, in Springfield. The defendants, by their agents, paid the money demanded ; and this payment had a tendency to show an admission that the settlement of Hall was in Springfield, as the plaintiffs alleged, so far, at least, as that case was concerned. Can this act of the agents be admitted as evidence tending to show such admission, in another case between the same parties, involving that question ?

If the town of Springfield, in the course of the progress of that cause, had, by any vote or resolution, admitted the settlement of Hall to be in that town, there is no doubt that such admission might be given in evidence against them, in any subsequent case in which the question should arise ; and the act of an agent, within the scope of the authority committed to him, may be given in evidence against the principal, the presumption being that it was done by his direction, or with his assent. *Story on Agency* 126, 131 ; 2 *Stark. Ev.* 42 ; 3 *Stark. Ev.* 1302. The act of the agent, here, had a tendency to show an admission by the principal. It was not evidence of an offer of compromise. Nor was it conclusive evidence of the fact, or offered as such. The plaintiffs were entitled to have the matter weighed by the jury, along with other evidence.

A presumption of payment arises in relation to bonds, mortgages, judgments, &c., after a lapse of twenty years, if there is no evidence to repel it, and to show that the debt is still unsatisfied. 1 *Phil. Ev.* 160 ; 2 *Cowen's Phil.*, *note* 307, *and auth. cited.* Taxes cannot have any higher character, in this respect, than debts due by specialty, and of record. The assessment is in the nature of a judgment, and the warrant for the collection operates like an execution. There is no reason, that we discover, why the same principle should not be applied to them.

*Judgment for the plaintiffs.*