# COOS,

---

## COLEBROOK *v.* STEWARTSTOWN.

The plaintiffs brought a suit to recover the amount of supplies furnished to the family of one Joseph Chase, a pauper, chargeable to the defendants, mentioning in the writ the names of Emily Chase, his wife, and four children. The evidence showed that there were *five* children in the family. *Held,* that there was no variance.

The lapse of twenty years from the time of the assessment of taxes against a person will raise a presumption of their payment, although he died within about a year from the time of the assessment.

ASSUMPSIT, for supplies furnished to Joseph Chase and his family, paupers, chargeable to the town of Stewartstown.

The evidence to prove notice, or a waiver of notice, was contained in the following written agreement.

" We, the subscribers, in behalf of the town, hereby acknowledge notice to have been given us, by the selectmen of Colebrook, in relation to the support of the family of Joseph Chase, for which said selectmen of Colebrook claim payment of us; and we engage to take no advantage of notice, provided we are now liable by law to support said family; we will not hold them to furnish evidence of said notice having been given in form provided by law.

I. H. PICKARD,      Selectmen
WM. B. FLETCHER,     of
CHARLES LANG,     Stewartstown.

Stewartstown, March 24th, 1851."

---
Colebrook *v.* Stewartstown.
---

The court permitted an amended count to be introduced, which states that notice was waived. Before this agreement was signed, an account was presented to the selectmen of Stewartstown, containing all the items of the present claim which had been paid before that time.

The evidence showed that there were five children in the family of Joseph Chase, living with their mother, Emily Chase, at the time the supplies were furnished, only four of them being named in the writ. It was objected that this variance was fatal, and that an amendment would introduce a new cause of action. The court were of the opinion that unless an amendment could be allowed, the action could not be sustained; and it appeared that, if allowed, the trial could not go on at that term, and the court ruled that the amendment might be made, to which the defendants excepted. The case was taken from the jury, in order that the questions arising upon the exception, and also the terms of the amendment, might be determined by the superior court.

A question having arisen in respect to the payment of taxes by Thomas Chase, now deceased, the court ruled that payment might be presumed, after the lapse of twenty years, if there was nothing to rebut the presumption, and that the fact that Thomas Chase died about one year after the last assessment, would not rebut the presumption. To this ruling the defendant excepted.

*Burt,* for the plaintiff.

This action was brought to recover a sum of money, expended by the overseers of the poor of the town of Colebrook, for supplies furnished to the family of Joseph Chase.

An examination of the declaration and agreement, which make a part of this case, must satisfy the court that the action was brought for the purpose we have stated, and that the selectmen of Stewartstown understood that it was to be brought for that purpose before the suit was commenced.

All the supplies for which the plaintiff seeks to recover in this suit, were furnished the said family, as a collective body constituting one whole, and the selectmen of Stewartstown must have so understood it, as will appear from an inspection of their agreement, taken in connexion with the fact that an account was presented to them before they executed said agreement, containing all the items of the present claim, which had been paid before that time.

The cause of action is money expended for supplies furnished said family; not for supplies furnished any particular member of said family.

" So long as the form of the action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed and others superadded, in order to cover imperfections and mistakes in the manner of stating the plaintiff's case. *Stedman* v. *Mudgett*, 10 N. H. Rep. 338.

The defect in the declaration consists in a wrong description of the family, and is one of form.

An amendment was allowed in the description of land, in an action for obstructing an easement. *Hill* v. *Haskins*, 8 Pick. 83. The amendment does not change the form of action, nor destroy the identity of the cause of action, nor enable the plaintiff to recover for a different or a greater sum than that named in the declaration, nor for supplies furnished any body except said family, nor for supplies furnished said family at any other time than that named in the declaration, nor for supplies of a different kind from those named in the declaration.

The case finds that the supplies for which the plaintiff seeks to recover in this suit, were furnished the family of Joseph Chase, consisting of five children and their mother, Emily Chase.

That fact puts an end to all doubt as to the identity of the cause of action.

It is true, that if the identity of the cause of action, in

the amended count, with the cause of action in the original count, was to be determined solely by comparing the counts with one another, the causes of action would not seem to be identical; but that is not the test by which the identity of the causes of action is to be determined, because if it were no material amendment could ever be made.

The identity of the cause of action is a fact to be determined upon the motion to amend, from all the evidence laid before the court.

In this case, the court below must have found that the cause of action in the amended count was identical with the cause of action in the original count, or they would not have allowed the amendment; and the real question for this court is to determine whether the court below were correct in their finding. Because, if the causes of action are identical, it was in the discretion of the court below to allow the amendment, and their ruling upon that point is not open to review in this court.

At the time this suit was commenced the plaintiff had but one cause of action against the defendant for supplies, furnished the family of Joseph Chase, and upon that cause of action the plaintiff intended to found this suit. If that be true, the amendment ought to be allowed as long as the amendment does not change the form of action.

" It is the very case where, by virtue of the statute and the rule, the plaintiff is entitled to amend." *Ball* v. *Claflin,* 5 Pick. 306. " Amendments are allowed to cure an erroneous or imperfect statement of the subject-matter upon which the action is founded." *Stedman* v. *Mudgett,* 10 N. H. Rep. 341. The very exception itself shows the fallacy of the argument that the amendment introduces a new cause of action.

The exception admits that the supplies for which the plaintiff seeks to recover in this suit, were furnished the family of Joseph Chase, and that the child, whose name is omitted in the description of the family, in the original

count, constituted a part of the family at the time the sup-
plies were furnished.  How, then, does it lie in the mouth
of the counsel for the defendant to say that the amendment
introduces a new cause of action ?

The court have the same power to allow amendments in
cases of this character, and the same rule applies as in cases
of any other kind.   *Northwood* v. *Barrington*, 9 N. H. Rep.
369.

It is submitted that leave to amend is only asked for
where it is clear the amendment will not introduce a new
cause of action.

And, perhaps, no case can be found where the motion to
amend was resisted, upon the ground that the amendment
introduced a new cause of action, when the exception itself
admitted the identity of the cause of action in the amended
count, with the cause of action in the original count.

The attention of the court is called to the following
authorities, which show, in a measure, to what extent the
rule allowing amendments has been carried.   *Mulbury* v.
*Watson*, 6 Met. 246; *Finney* v. *Bedford Com. Ins. Co.* 9
Met. 348; *Hill* v. *Perry*, 17 Maine Rep. 409; *Holmes* v.
*Ring*, 7 Met. 384; *Hancock* v. *Wentworth*, 5 Met. 446;
*Capron* v. *Thompson*, 3 Met. 54; *Clark* v. *Swift*, 3 Met.
395, 396; *Fitch* v. *Stearns*, 2 Met. 55; *Plummer* v. *Walker*,
24 Maine Rep. 14; *Mitchell* v. *Tibbetts*, 17 Pick. 220;
*Mixer* v. *Howarth*, 21 Pick. 205; *Merrill* v. *Russell*, 12
N. H. Rep. 74; *Elliot* v. *Abbott*, 12 N. H. Rep. 549.

It is suggested that the plaintiff need not, in this suit,
have stated the names of the individuals constituting said
family, on account of the nature of the agreement of the
selectmen of Stewartstown; that the stating them was
mere matter of form, and, therefore, if there is any defect
in the declaration, it is one of form.

The amendment cannot operate as any hardship upon the
defendant, and ought, when the nature of the supposed de-
fect is considered in connexion with the agreement of the

selectmen of Stewartstown to be allowed without terms, or, at most, without any thing more than nominal terms.

The payment of taxes assessed may be presumed after twenty years, when there is nothing to rebut the presumption." *Hopkinton* v. *Springfield,* 12 N. H. Rep. 328.

One reason why payment of taxes may be presumed after the lapse of twenty years, must be the difficulty of making proof of payment after so long a time.

The presumption is that the taxes were paid within the year that they were assessed, so it makes no difference in regard to the presumption of payment from the lapse of time, that the persons against whom the taxes were assessed, died within a year and a half or two years and a half after the first assessment.

" The selectmen of a town, being *ex officio* overseers of the poor, may bind the town, by a contract, not to take advantage of any defect in a notice given by another town, that a pauper has been relieved." *Hanover* v. *Eaton & a.* 3 N. H. Rep. 38; *Embden* v. *Augusta,* 12 Mass. Rep. 317; *Shutesbury* v. *Oxford,* 16 Mass. Rep. 102.

*Fletcher* and *Flint,* for the defendant.

The declaration is for supplies furnished Emily Chase and four children. The evidence was of supplies furnished Emily Chase and *five* children.

This is a fatal variance. In assumpsit, if the consideration stated be more or less than is proved, the variance is fatal. *Favor* v. *Philbrick,* 7 N. H. Rep. 326.

No amendment will be allowed which introduces a new cause of action, or changes the cause of action. *Butterfield* v. *Howell,* 2 N. H. Rep. 201; *Merrill* v. *Russell,* 12 N. H. Rep. 74; *Melvin* v. *Smith,* 12 N. H. Rep. 462; *French* v. *Gerrish,* 2 Foster's Rep. 97; *Thompson* v. *Phelan,* 2 Foster's Rep. 339; *Ball* v. *Claflin,* 5 Pick. 306.

If the name of a person, not now in the writ, were allowed to be introduced by amendment, and the plaintiff allowed

to recover for supplies furnished for that person, it is submitted that this would be the introduction of a new cause of action. It might well be supposed that the fifth person in the family was absent. If an amendment can be made by introducing that person's name, there surely would be a new cause of action, of which the defendant has not had notice, and for which the suit was not brought.

There is another reason why the amendment should not be allowed. The admission of notice must have been of supplies furnished to Emily Chase and four children.

We contend that no presumption arises that Thomas Chase paid the taxes, as he died in about a year after the last tax was assessed.

In *Newman* v. *Newman*, 1 Starkie 101, it is decided that the payment of money on bond is not to be presumed, although more than twenty years have elapsed since an acknowledgement that any sum was due upon it, if the obligor, ever since that acknowledgement, had resided abroad.

Payment cannot be presumed where the circumstances show it to be otherwise. A presumption of payment does not arise where the party is out of the State or dead. If the obligor of a bond be abroad out of the country, this rebuts the presumption of payment. 1 W. Bl. 532, n. c.; 1 Starkie 101; 2 Starkie 497. Why does not his death rebut the same presumption, and for a stronger reason ?

GILCHRIST, C. J. It is difficult to see on what ground it can be held that there is any variance in this case. The action is brought to recover for supplies furnished to Emily Chase, the wife of Joseph Chase, and four children, whose names are mentioned in the writ. It appears that these four children and another were living with their mother, but the plaintiffs were under no obligation to bring a suit for the supplies furnished to the child not named in the writ. The selectmen of Stewartstown acknowledged that they

had received notice " in relation to the support of the *family*
of Joseph Chase." Who constituted the family does not
appear from the papers, but who were considered by the
plaintiffs as the family appears from the declaration. There
was no variance between the allegation and the proof. The
allegation is that the plaintiffs furnished supplies for Emily
Chase and four children. They proved that they did this,
and if they chose to regard the family for whose support
they sought to recover, as consisting of four children, it is
competent for them so to do, and to ask nothing for the
support of the fifth child. As there was no variance, the
question as to the amendment does not arise, as the plain-
tiff might have proceeded without any amendment, and re-
covered for the supplies furnished on account of the children
named in the writ.

The court held that payment of the taxes assessed against
Thomas Chase, might be presumed after the lapse of twenty
years, and that this presumption . would not be rebutted by
the fact that he died about a year after the last assessment.
The defendants contend that it cannot be presumed that he
paid the taxes, as he died in so short a time.

In the case of *Hopkinton* v. *Springfield*, 12 N. H. Rep.
328, it appeared that Joseph Hall was an inhabitant of
Springfield from 1807 to 1813, and was during that time
taxed for his poll and estate. The court ruled that, after a
lapse of twenty years, nothing appearing to the contrary, it
might be presumed that the taxes assessed against him had
been paid. *Parker*, C. J., says : " A presumption of pay-
ment arises in relation to bonds, mortgages, judgments, &c.,
after a lapse of twenty years, if there is no evidence to repel
it, and to show that the debt is still unsatisfied. Taxes
cannot have any higher character, in this respect, than debts
due by speciality and of record. The assessment is in the
nature of a judgment, and the warrant for the collection
operates like an execution. There is no reason, that we

discover, why the same principles should not be applied to them."

It does not appear from the report of this case, how long a time elapsed between the last assessment of taxes against Joseph Hall and his death. But the court make no modification or qualification of the principle. In the present case, if the lapse of twenty years after his death does not raise a presumption of payment, then it cannot be presumed from the lapse of any period of time, for, being dead, he is unable to pay it, whatever time may be limited. There being nothing to rebut the presumption, we think, therefore, that the payment may be presumed, after the lapse of twenty years from the assessment of the tax.

*Ruling correct.*